## Case No. 8,047.

### LANE et al. v. BELTZHOOVER.

[Taney, 110.] 1

Circuit Court, D. Maryland. Nov. Term, 1840.

PROCESS OF COURT—FIERI FACIAS AFTER DEATH OF ONE PLAINTIFF—AMENDMENT.

A fieri facias issued in the names of two plaintiffs, after one of them is dead, is irregular and defective; but such defect may be amended, under the authority given by the 32d section of the act of 1789, c. 20 [1 Stat. 91], if the matter be regularly brought before the court.

[This was a suit by Thomas C. Lane and Elliott T. Lane against George Beltzhoover.]

TANEY, Circuit Justice. In this case, the plaintiffs obtained a judgment against the defendant, in 1829, which was regularly kept alive by proper process until July 13th, 1838, when the fieri facias issued which has given rise to this controversy. Certain property was seized by the marshal, under this writ, and sold 24th September, 1838; and at the November term following, and before the money was paid over by the marshal, the defendant moved to set aside the fieri facias, upon two grounds: 1. Because more than a year and a day had elapsed from the rendition of the judgment. 2. Because one of the plaintiffs was dead when the fieri facias was issued, and no suggestion thereof had been made upon the record.

The first objection I understand to be abandoned. It appears that process has been regularly issued, by which the judgment has been kept alive. The controversy is on the second ground above stated. The point of this objection, as stated in the motion, is that the death was not suggested on the record; the substantial meaning of this objection, however, I suppose to be, that the execution issued in the names of both plaintiffs, when one was dead; because, if no process had been issued on the judgment, it would be quite immaterial whether the death was suggested or not.

It is in this point of view, that the question has been argued in the notes filed in the case. It is admitted, that one of the plaintiffs died after judgment and before the fieri facias in question issued; and from the cases referred to by the counsel for the plaintiff, in support of the fieri facias, I understand him to insist: 1st. That the execution is good, and that both of the plaintiffs ought to have been included in it: 2d. That, if irregular, it may be amended.

In order to maintain the first proposition, Bing. Ex'ns, 136, 161 (Law Lib. 58, 68), and 2 Tidd, Prac. 1004, 1029, have been relied upon. But these passages, although stated in very general terms, must have been intended to be applied to those executions only, which issue before the succeeding term, and which, therefore, bear teste of the first day

1 [Reported by James Mason Campbell, Esq., and here reprinted by permission.]

of the term in which the judgment was rendered, and before the death of the party; if the rule was intended to be stated more broadly than this, it cannot be supported upon principle, or by authority. In this case, from the practice originally adopted in this court, the fieri facias bears teste on the first day of the preceding term of the supreme court, that is, on the second Monday in January, 1838. The precise time of the death of Thomas C. Lane is not stated, but I collect from the manner in which the case is argued in the notes, that he died before the term above mentioned; if that be the case, the fieri facias is certainly irregular, and could not be supported in its present form.

As to the second point to which authorities have been cited, it is proper to say, that no motion to amend has been made; the only motion before the court is to set aside the execution. But the authorities upon the right to amend having been referred to, I presume, that the counsel for the plaintiffs supposed that point before the court, and the court will, therefore, by leaving the case open until Monday next, give the party an opportunity of presenting his motion in regular form. In the mean time, as the point has been argued, and as the court has no doubt upon the question, it seems better for both parties, to express at once the opinion already made up, rather than delay it until a final motion to amend is made.

The plaintiff, according to the English cases, would be entitled to amend, by suggesting the death of Thomas C. Lane on the record, and striking out his name from the fieri facias, so as to make it issue in the name of Elliott T. Lane, as the surviving plaintiff. 5 Term R. 577; 2 Term R. 737; 6 Term R. 450. But if the English doctrine upon this subject were more questionable, I consider the authority to amend such an error as this, to be clearly given by the act of 1789 (chapter 20, § 32), which provides that the courts of the United States "may, at any time, permit either of the parties to amend any defect in the process or pleadings, upon such conditions as the said courts respectively shall, in their discretion, and by their rules, prescribe."

In this case, there is undoubtedly a defect in the process of fieri facias, because it issued in the names of both plaintiffs, long after one was dead; but that defect may be amended, under the authority given by the above mentioned law, if the matter be regularly brought before the court.